UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CATHLEEN MARY VIILO,

    Plaintiff,

v.                                                        Case No. 1:16-cv-1265
                                                        Hon. Ray Kent

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant,
_____/

## OPINION

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of Social Security Administration (Commissioner) which denied her claim for disability insurance benefits (DIB).

Plaintiff alleged a disability onset date of July 29, 2013. PageID.191. She identified her disabling conditions as depression, Epstein Barr virus, stomach pain, migraines, memory problems, and foot and ankle pain after "achilles removed". PageID.203. Prior to applying for DIB and SSI, plaintiff completed some college and had past employment as a dental assistant and dental lab technician. PageID.48-49, 204. An administrative law judge (ALJ) reviewed plaintiff's claim *de novo* and entered a written decision denying benefits on October 9, 2015. PageID.39-50. This decision, which was later approved by the Appeals Council, has become the final decision of the Commissioner and is now before the Court for review.

## I. LEGAL STANDARD

This Court's review of the Commissioner's decision is typically focused on determining whether the Commissioner's findings are supported by substantial evidence. 42 U.S.C. § 405(g); *McKnight v. Sullivan*, 927 F.2d 241 (6th Cir. 1990). "Substantial evidence is more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Secretary of Health & Human Services*, 25 F.3d 284, 286 (6th Cir. 1994). A determination of substantiality of the evidence must be based upon the record taken as a whole. *Young v. Secretary of Health & Human Services*, 925 F.2d 146 (6th Cir. 1990).

The scope of this review is limited to an examination of the record only. This Court does not review the evidence de novo, make credibility determinations or weigh the evidence. *Brainard v. Secretary of Health & Human Services*, 889 F.2d 679, 681 (6th Cir. 1989). The fact that the record also contains evidence which would have supported a different conclusion does not undermine the Commissioner's decision so long as there is substantial support for that decision in the record. *Willbanks v. Secretary of Health & Human Services*, 847 F.2d 301, 303 (6th Cir. 1988). Even if the reviewing court would resolve the dispute differently, the Commissioner's decision must stand if it is supported by substantial evidence. *Young*, 925 F.2d at 147.

A claimant must prove that he suffers from a disability in order to be entitled to benefits. A disability is established by showing that the claimant cannot engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. *See* 20 C.F.R. § 404.1505; *Abbott v. Sullivan*, 905 F.2d 918, 923

(6th Cir. 1990). In applying the above standard, the Commissioner has developed a five-step analysis:

> The Social Security Act requires the Secretary to follow a "five-step sequential process" for claims of disability. First, plaintiff must demonstrate that she is not currently engaged in "substantial gainful activity" at the time she seeks disability benefits. Second, plaintiff must show that she suffers from a "severe impairment" in order to warrant a finding of disability. A "severe impairment" is one which "significantly limits . . . physical or mental ability to do basic work activities." Third, if plaintiff is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the impairment meets a listed impairment, plaintiff is presumed to be disabled regardless of age, education or work experience. Fourth, if the plaintiff's impairment does not prevent her from doing her past relevant work, plaintiff is not disabled. For the fifth and final step, even if the plaintiff's impairment does prevent her from doing her past relevant work, if other work exists in the national economy that plaintiff can perform, plaintiff is not disabled.

*Heston v. Commissioner of Social Security*, 245 F.3d 528, 534 (6th Cir. 2001) (citations omitted).

The claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work through step four. *Jones v. Commissioner of Social Security*, 336 F.3d 469, 474 (6th Cir. 2003). However, at step five of the inquiry, "the burden shifts to the Commissioner to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity (determined at step four) and vocational profile." *Id.* If it is determined that a claimant is or is not disabled at any point in the evaluation process, further review is not necessary. *Mullis v. Bowen*, 861 F.2d 991, 993 (6th Cir. 1988).

## II. ALJ's DECISION

Plaintiff's claim failed at the fifth step of the evaluation. At the first step, the ALJ found that plaintiff had not engaged in substantial gainful activity since the alleged onset date of July 29, 2013, and meets the insured status requirements of the Social Security Act through December 31, 2018. PageID.41. At the second step, the ALJ found that plaintiff had severe

impairments of: mood disorder; personality disorder/avoidant personality disorder; major depressive disorder/dysthymic disorder; generalized anxiety disorder; schizoid personality disorder; attention deficit disorder; irritable bowel syndrome; interstitial cystitis; Epstein Barr syndrome; headaches; and scoliosis. PageID.41. At the third step, the ALJ found that plaintiff did not have an impairment or combination of impairments that met or equaled the requirements of the Listing of Impairments in 20 C.F.R. Pt. 404, Subpt. P, App. 1. PageID.42.

The ALJ decided at the fourth step that:

> [C]laimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except she is able to lift and/or carry up to 20 pounds occasionally and up to ten pounds frequently. She can sit for up to 6 hours total and stand and/or walk for up to 4 hours total in and eight-hour workday. She requires the option to alternate between sitting and standing with sitting for up to 30 minutes then standing for up to 10 minutes before sitting again[.] She can occasionally climb ramps and stairs, stoop, and crouch. She can never climb ladders, ropes or scaffolds, kneel or crawl, but can frequently balance. The claimant can have occasional exposure to temperature extremes, to humidity, and to noise, such as that which is present in a loud factory setting, and have occasional exposure to hazards, including unprotected heights and dangerous moving machinery. She can do no overhead reaching with the left upper extremity and no operation of leg or foot controls bilaterally. The claimant is limited to doing simple, routine work that involves making simple work-related decisions and tolerating routine workplace changes.

PageID.44. The ALJ also found that plaintiff is unable to perform any past relevant work. PageID.48.

At the fifth step, the ALJ determined that plaintiff could perform a significant number of unskilled jobs at the light exertional level in the national economy. PageID.49-50. Specifically, the ALJ found that plaintiff could perform the requirements of light and unskilled occupations such as office helper (40,000 jobs nationwide), "info clerk" (35,000 jobs nationwide), and inspection (45,000 jobs nationwide). PageID.50. Accordingly, the ALJ determined that plaintiff has not been under a disability, as defined in the Social Security Act, from July 29, 2013 (the alleged onset date) through October 9, 2015 (the date of the decision). PageID.50.

4

## III. DISCUSSION

Plaintiff raised one issue on appeal:

**Is the ALJ's decision based on "substantial" evidence of the record as a whole?**

Plaintiff states that the ALJ only found that plaintiff suffered from 11 severe impairments and that "[i]t is reversible error for the Administrative Law Judge to ignore and/or give inadequate, objective, unbiased review of the following, additional severe medical impairments":

12. Chronic Fatigue Syndrome, with anemia
13. Frequent dizzy spells
14. Fibromyalgia
15. Intractable right flank pain, secondary to right ureterolithiasisx2
16. Right shoulder surgery, with decreased range of motion
17. Temporomandibular joint dysfunction
18. Panic attacks with shortness of breath
19. Chronic hepatitis
20. Coagulation Disorder
21. Right lower lobe pulmonary embolism
22. Left ankle pain, post op, with left knee buckling, pain and frequent falls and inability to walk more than 200 feet
23. Chronic left shoulder pain, with MRI demonstrating fluid tracking deep to the superior labrum, with degenerative changes in the biceps tendon, along with supraspinatus tendinosis. (T231-232)
24. GERD, with frequent nausea and vomiting
25. Chronic Pain Syndrome, with elevated liver enzymes

Plaintiff's Brief (ECF No. 9, PageID.554-555).

A "severe impairment" is defined as an impairment or combination of impairments "which significantly limits your physical or mental ability to do basic work activities." 20 C.F.R. § 404.1520(c). Upon determining that a claimant has one severe impairment the ALJ must continue with the remaining steps in the disability evaluation. *See Maziarz v. Secretary of Health & Human Services*, 837 F.2d 240, 244 (6th Cir. 1987). Once the ALJ determines that a claimant suffers from a severe impairment, the fact that the ALJ failed to classify a separate condition as a

5

severe impairment does not constitute reversible error. *Maziarz*, 837 F.2d at 244. An ALJ can consider such non-severe conditions in determining the claimant's residual functional capacity. *Id*. "The fact that some of [the claimant's] impairments were not deemed to be severe at step two is therefore legally irrelevant." *Anthony v. Astrue*, 266 Fed. Appx. 451, 457 (6th Cir. 2008).

In addition, the mere diagnoses of a condition says nothing about the severity of the condition, *Higgs v. Bowen*, 880 F.2d 860, 863 (6th Cir. 1988), or its effect on the claimant's functional limitations, *Kennedy v. Astrue*, 247 Fed. Appx. 761, 767 (6th Cir. 2007). *See McKenzie v. Commissioner of Social Security*, No. 99-3400, 2000 WL 687680 at *5 (6th Cir. May 19, 2000) ("the mere diagnosis of an impairment does not render an individual disabled nor does it reveal anything about the limitations, if any, it imposes upon an individual").

As discussed, the ALJ applied the five-step sequential process and found that plaintiff suffered from a number of severe impairments, reviewed her medical history, and determined that she possessed the residual functional capacity (RFC) to perform unskilled light work in the national economy. The ALJ's failure to include additional severe impairments at step two is legally irrelevant and plaintiff has not demonstrated that the additional diagnoses have resulted in limitations greater than set forth in the RFC. Accordingly, plaintiff's claim of error will be denied.[1]

---

[1] The Court notes that plaintiff's brief is devoid of any analysis. "[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in a most skeletal way, leaving the court to . . . put flesh on its bones." *McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997).

## IV. CONCLUSION

The ALJ's determination is supported by substantial evidence. The Commissioner's decision will be **AFFIRMED** pursuant to 42 U.S.C. § 405(g). A judgment consistent with this opinion will be issued forthwith.

Dated: March 19, 2018 /s/ Ray Kent
United States Magistrate Judge